UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David L. Hill,

       Plaintiff,

  -vs-                                                          Case No. 1:17-cv-769

United States of America,                       Judge Michael R. Barrett

       Defendant.

## ORDER

This matter is now before the Court upon Defendant's Motion to Dismiss (Doc. 6) for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Plaintiff's opposition thereto (Doc. 7).

For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED.

**I. BACKGROUND**

Plaintiff David L. Hill is an Army veteran of the United States, residing in Warren County, Ohio. (Doc. 1 at ¶¶ 2, 12). Plaintiff suffers from service-connected posttraumatic stress disorder (PTSD) and currently has a thirty percent disability rating. (*Id.* at ¶13). In 2015 or 2016, Plaintiff sought a change in his disability rating for chronic fatigue syndrome ("CFS"). (*Id.* at ¶14). On February 1, 2016, Plaintiff logged on to the Department of Veterans Affairs ("VA") E-benefits website and saw a diagnosis for Human Immunodeficiency Virus ("HIV") with the CFS diagnosis; Plaintiff asserts he was previously unaware of any exposure to or tests for HIV. (*Id.* at ¶17-18, 20). Plaintiff alleges that he believed he was HIV positive and contacted his doctor for testing; the subsequent testing came back negative for HIV. (*Id.* at ¶23). The amount of time

1

between Plaintiff's E-benefits notification and the negative test results is unknown. Plaintiff asserts the misdiagnosis caused him to "suffer[] extensive damages, pain and suffering, extreme distress, and other damages." (*Id.* at PageID 6).

Plaintiff alleges, for the first time in the Response to Defendant's Motion to Dismiss, that the HIV misdiagnosis caused an "exacerbation" of his PTSD, which "already cause[d] depression, anxiety, and panic attacks." (Doc. 7 at PageID 27). Plaintiff also claims the misdiagnosis generated "actual physical peril" because the VA knew Plaintiff's disability status, and the information "did not come from a medical professional," but rather from the E-benefits website. (*Id.*)

**II. STANDARD**

Plaintiff brings a claim for negligent infliction of emotional distress (NIED) under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, seeking $500,000 in damages for distress arising from a misdiagnosis of HIV; the HIV diagnosis was communicated through the E-benefits website, a VA medical portal. Defendant waives sovereign immunity under the FTCA concerning the substantive aspects of the case. 28 U.S.C. § 1346(b)(1). Ohio law applies, as the state in which the alleged tort occurred. 28 U.S.C. § 1402.

To survive a motion to dismiss, the complaint must put the defendant on fair notice of the claim asserted, as well as the grounds for the claim. *See Bush v. United States,* Case No. 1:13-cv-587, 2013 WL 5722802, at *2 (S.D. Ohio Sept. 17, 2013) (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 570). Together, these two conditions are the standard for whether a plaintiff has failed to state a claim upon which relief may be granted.

## III. ANALYSIS

The FTCA grants a limited waiver of the sovereign immunity of governmental parties in actions involving tort claims against the United States. *See Levin v. United States*, 568 U.S. 503, 506-07 (2013). Whether a FTCA claim can be made out against the United States depends upon whether a private individual under like circumstances would be liable under state law. *See, e.g.*, *Huffman v. United States*, 82 F.3d 703, 705 (6th Cir. 1996). The law of the state in which the alleged tort occurred governs the substantive questions at issue. *See Bell v. United States*, 854 F.2d 881, 885 (6th Cir. 1988). To survive Defendant's Motion to Dismiss, Plaintiff must clearly state a claim for NIED under Ohio tort law.

Plaintiff's complaint (Doc. 1) alleges that the effects of the HIV misdiagnosis were "a state of extreme emotional distress and shock," (*Id.* at ¶21), "extreme and cruel emotional distress," (*Id.* at ¶29), and "extensive damages, pain and suffering, extreme distress, and other damages." (*Id.* at ¶30). Plaintiff adds additional claims in the Response to Defendant's Motion to Dismiss (Doc. 7), alleging "an exacerbation of his service connected PTSD, which already causes depression, anxiety, and panic attacks," and "[his] PTSD was aggravated." (*Id.* at PageID 27). Plaintiff does not include any details on how specifically his PTSD was exacerbated. Furthermore, Plaintiff does not *explicitly* assert any manifestation of physical trauma from the misdiagnosis.[1]

---

[1] An example of an explicit assertion of symptoms physically manifested from negligent behavior, albeit in the context of Michigan law, is found in the dicta of *Krueger v. United States of America*, Case No. 17-cv-10574, 2017 WL 5467743, at *12 (E.D. Mich. Nov.

3

As further discussed below, the elements of NIED are only met when a defendant's negligence produces an actual threat of physical harm, either to the plaintiff or to another person. *See Heiner v. Moretuzzo*, 73 Ohio St.3d 80, 82 (1995). To prevail under the former category (i.e. not as a bystander to an accident), Ohio plaintiffs must assert – among other facts – allegations establishing: (1) Plaintiff's emotional distress was caused by a contemporaneous physical injury; or (2) Defendant exposed Plaintiff to "actual physical peril" that resulted in emotional distress. *Id.* at 86-87 (citation omitted).

For example, one Ohio plaintiff prevailed when his emotional distress was caused by narrowly escaping a falling sheet of glass dropped by a negligent defendant; the glass's near miss constituted "actual physical peril." *Shultz v. Barberton Glass Co.*, 4 Ohio St.3d 131 (1983). However, Ohio courts have uniformly held that medical misdiagnoses are not actionable where "actual physical peril" was never imminent – even if a plaintiff believed it to be, as in the instant case.

In 1995, the Ohio Supreme Court established the state's modern test for NIED claims in *Heiner*: "Ohio courts have limited recovery for negligent infliction of emotional

---

14, 2017). The plaintiff claimed that the emotional distress of the VA barring him access to the benefits and care he was entitled to as an honorably discharged veteran exacerbated his service-related PTSD. *Id.* The District Court for the Eastern District of Michigan noted the plaintiff's amended complaint specifically alleged chest pains arising from the emotional distress and refuted the Government's claim that the plaintiff did not *clearly* state any "physical manifestation of [the] distress." *Id.* The veteran-plaintiff's claim was ultimately dismissed under the FTCA for failing to state an actionable tort under Michigan law, which limits a cause of action for NIED to circumstances where a plaintiff suffers a mental disturbance from witnessing a negligent injury to a third party. *See Duran v. Detroit News, Inc.*, 200 Mich. Ct. App. 622, 629 (1993) (citation omitted)).

As further discussed *infra*, no such explicit physical manifestation is alleged in Plaintiff's complaint. To be clear, the Court is not holding that allegation regarding chest pain would save Plaintiff's complaint as a matter of law. Rather, the Court notes *Krueger* to show that – even if Ohio law allowed a Plaintiff to pursue a PTSD exacerbation theory – Plaintiff failed to mention *any* specific symptoms like the plaintiff in *Krueger*.

distress to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person." 73 Ohio St.3d at 85-86. The latter category of "physical consequences" must be either a "contemporaneous injury" or a risk of "actual physical peril" to the plaintiff. *Id.* at 86-87 (citing *High v. Howard*, 64 Ohio St.3d 82, 85, 592 N.E.2d 818, 820–821 (1992)). Plaintiff mischaracterizes *Heiner*'s interpretation of earlier precedent (*Schultz* and *Paugh v. Hanks*, 6 Ohio St.3d 72 (1983)), which affirmed that the "actual-peril" requirement is the *only* other method[2] to establish liability without an actual injury at the time of the alleged negligence. Regardless of the condition of the plaintiff, *Heiner* characterizes the misdiagnosis of HIV as a "mere fear of nonexistent peril" insufficient to establish NIED. 73 Ohio St.3d at 86; *see also Criswell v. Brentwood Hosp.*, 49 Ohio App.3d 163, 551 N.E.2d 1315 (1989). This approach has been robustly affirmed in the last two decades, and Ohio federal courts, including this one, have repeatedly followed the precedent set by the Ohio Supreme Court and declined to expand tort liability further.[3]

---

[2] Ohio courts have occasionally applied a single exception – inapplicable here – to the requirement to establish NIED claims in cases that involve abuses of human remains. *See Chesher v. Neyer*, 392 F.Supp.2d 939, 955-56 (S.D. Ohio 2005) (recognizing an exception to the "actual-peril requirement" in cases involving the mishandling of a corpse); *see also Carney v. Knollwood Cemetery Ass'n*, 33 Ohio App.3d 31, 34, 514 N.E.2d 430, 433 (1983) ("[There is] no general availability of recovery for infliction of emotional distress without accompanying physical injury. Abuse of dead bodies, however, has received extraordinary treatment in the courts.").

[3] *See McGrath v. Nationwide Mutual Insur. Co.*, 295 F.Supp.3d 796, 815 (S.D. Ohio 2018); *Hunter v. Hamilton County et al.*, Case no. 1:15-cv-540, 2016 WL 2744832, at *6 (S.D. Ohio May 10, 2015); *Snyder v. United States*, 990 F.Supp.2d 818, 834 (S.D. Ohio 2014) (holding that "unnerving" experiences during an arrest based on mistaken identity, including being subjected to a cavity search, were not "actual physical peril" sufficient to establish a claim for NIED); *Range v. Douglas*, 878 F.Supp.2d 869, 895 (S.D. Ohio 2012) (Barrett, J.) (stating merely being informed of upsetting information is not sufficient for a NIED claim).

Although the HIV misdiagnosis likely caused Plaintiff sincere emotional distress, Ohio law requires a real physical harm, experienced or threatened, to establish a valid NIED claim. In *Heiner*, Justice Douglas aptly addressed the dissonance between the alleged harm and the legally-correct decision to dismiss by stating, "the facts of [the] case remind us that not every wrong is deserving of a legal remedy." 73 Ohio St.3d at 88. Similarly, while the distress caused in Plaintiff's case may be genuine, it is not actionable under a claim of NIED in Ohio. Furthermore, Plaintiff makes no attempt to demonstrate he was actually in peril of contracting HIV or at risk of any other physical injury at any time between the misdiagnosis and the corrected test results.

To circumvent *Heiner*, Plaintiff attempts to argue that the misdiagnosis did indeed cause contemporaneous injury because it exacerbated his pre-existing condition of PTSD. (Doc. 7 at PageID 27). This argument is problematic because: (1) Plaintiff cites no authority showing that the Ohio Supreme Court recognizes such a theory of liability; (2) even if Plaintiff could cite such authority, he makes this argument for the first time in his opposition brief, although it is well settled that a party may not "amend" its complaint via Motion to Dismiss briefing[4]; and (3) as discussed in footnote 1, the Court has concerns regarding whether the generalized allegations survive the *Twombly-Iqbal* standard. Accordingly, Plaintiff's argument is insufficient to survive Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

---

[4] *See Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) ("Ordinarily, when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss.") (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006)).

**IV. CONCLUSION**

Based on the foregoing, Plaintiff has failed to state an actionable claim for negligent infliction of emotional distress under Ohio tort law. Accordingly, the Defendant's Motion to Dismiss (Doc. 6) is **GRANTED**.

**IT IS SO ORDERED.**

/s/  Michael R. Barrett

Michael R. Barrett
United States District Judge